[No. 3881.   Decided January 2, 1902.]

D. S. JOHNSTON, *Respondent,* v. WHATCOM COUNTY *et
al., Appellants.*

TAXATION — MERCHANDISE — REMOVAL FROM ONE COUNTY TO ANOTHER.
One whose personal property has been listed and made liable
to assessment for taxation in one county with reference to its
valuation on the first day of March, as provided by Laws 1897,
p 136, §§ 1, 6, cannot be made liable to a second tax on a portion
of said property by its removal to another county temporarily
for purposes of sale, under the provisions of Laws 1899, p. 295,
which declares that whenever any person shall, subsequent to the
first day of March of any year, bring into any county any stock
of goods to be sold in a place of business temporarily occupied
for their sale, the owner or person in charge of said goods shall
immediately notify the county assessor, who shall at once pro-
ceed to value the said stock of goods at its true value, for which
there shall be paid a tax at the rate assessed, for state, county
and local purposes in the taxing district in the year then current,
since the evident intent of the legislature was to make the latter
provision applicable only to non-resident merchants, who should
temporarily do business within the state.

Appeal from Superior Court, Whatcom County.—Hon. HIRAM E. HADLEY, Judge. Affirmed.

*A. E. Mead,* for appellants.

*John Kelleher, Dorr & Hadley* and *George E. Wright,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—The respondent, on and after March 1, 1899, was a merchant carrying on a regularly established business, viz., that of buying and selling pianos and organs, in the city of Seattle, Washington. On March 1, 1899, the assessor of King county assessed and listed as the property of respondent twenty-three pianos and ten organs for taxation for the year 1899, and returned the said assessment as provided by law. About the 1st day of April, 1899, respondent moved these pianos and organs to the city of New Whatcom, Whatcom county, Washington, with the intention of selling them at a place of business temporarily occupied for the purpose. During the month of April, after notice of the assessment of this property in King county, the assessor of Whatcom county listed, assessed, and returned the property for taxation in Whatcom county for the year 1899. The county commissioners thereafter reduced the amount of this assessment, and directed the county treasurer of Whatcom county to collect taxes upon these pianos and organs upon their valuation as reduced by them at the current rate for state, county, and local purposes. Upon this assessment taxes were computed, and the county treasurer set about collecting the amount so computed, and threatened to seize the property and sell the same for these taxes. Respondent thereupon served a written protest against the threatened acts of the county treasurer, against the payment of the

taxes, and against the right of the treasurer to collect the same. The treasurer, in writing, acknowledged the receipt of the protest, but, notwithstanding, was about to seize and sell the respondent's property to pay these taxes. Respondent, in order to prevent this sale, paid the taxes to Whatcom county under protest in writing. Subsequently, the tax levy having been made by the commissioners of King county for general state, county, municipal, and special taxes, such levy having become a lien upon respondent's property in King county, he paid the taxes thereon in King county for the year 1899. This action was brought to recover the amount paid to the county treasurer of Whatcom county. A demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action was filed by appellants and overruled. Appellants elected to stand upon their demurrer. Judgment was entered as prayed for in the complaint. Appeal is prosecuted from this judgment.

The question presented on this appeal goes to the right of Whatcom county to collect the taxes in dispute. This question, as we view it, depends upon the construction of the revenue law of the state. Section 1 of the Laws of 1897 (p. 136) provides that all property existing in the state, except exempt property, shall be subject to assessment and taxation upon valuation thereof fixed with reference thereto on the 1st day of March, at 12 o'clock m. in each and every year. Section 6 (p. 140), among other things, provides that "all personal property in this state subject to taxation shall be listed and assessed every year with reference to its value on the 1st day of March preceding the assessment." Section 7 (p. 141) reads as follows:

"The owner of personal property removing from one county to another between the 1st day of March and the

1st day of July shall be assessed in either in which he is first called upon by the assessor. The owner of personal property moving into this state from another state between the 1st day of March and the 1st day of July shall list the property owned by him on the 1st day of March of such year in the county in which he resides; provided, that if such person has been assessed and can make it appear to the assessor that he is held for the tax of the current year on the property in another state or county, he shall not be again assessed for such year."

Section 9 reads as follows:

"Personal property, except such as is required in this act to be listed and assessed otherwise, shall be listed and assessed in the county where the owner or agent resides. If there be no principal office or place of business in this state, then at the place in this state where any such corporation or person transacts business. The personal property pertaining to the business of a merchant or of a manufacturer shall be listed in the town or place where his business is carried on."

Section 84, as amended by the act of 1899 (Laws 1899, p. 295), reads as follows:

"Whenever any person, firm or corporation shall, subsequent to the 1st day of March of any year, bring or send into any county any stock of goods or merchandise to be sold or disposed of in a place of business temporarily occupied for their sale, without the intention of engaging in permanent trade in such place, the owner, consignee or person in charge of said goods or merchandise shall immediately notify the county assessor, and thereupon the assessor shall at once proceed to value the said stock of goods and merchandise at its true value, and upon such valuation the said owner, consignee or person in charge shall pay to the collector of taxes a tax at the rate assessed for state, county, and local purposes in the taxing district in the year then current. And it shall not be lawful to sell or dispose of any such goods or merchandise as aforesaid in such taxing district until the assessor shall have been so

notified as aforesaid and the tax assessed thereon paid to the collector. Every person, firm or corporation bringing into any county of this state goods or merchandise after the 1st day of March shall be deemed subject to the provisions of this section; provided, that all persons having paid the tax as herein provided for, shall at the time of the regular assessment next succeeding said payment, be allowed by the county assessor in making his assessment a deduction in a sum equal to that part of the entire assessment of the previous year as the number of days of the previous assessment year he was not in such county bears to the whole of such assessment year."

It is contended by appellants that, the property of respondent having been brought into Whatcom county from King county subsequent to the 1st day of March, to be sold at a place of business temporarily occupied for that purpose, Whatcom county, under the section last quoted, had a right to levy and collect taxes, notwithstanding an assessment in King county upon which respondent must pay or had paid taxes for the same year for state, county, and other purposes. It is clear that, if the construction contended for by appellants can be maintained, a double assessment is required upon goods and merchandise shipped from one county to another within the state, where the goods and merchandise are to be sold in the county to which they are removed. Mr. Cooley, in his work on Taxation (2d ed.) at page 227, says:

"It has very properly and justly been held that a construction of tax laws was not to be adopted that would subject the same property to be twice charged for the same tax, unless it was required by the express words of the statute, or by necessary implication. It is a fundamental maxim in taxation that the same property shall not be subject to a double tax payable by the same party, either directly or indirectly; and where it is once decided that any kind or class of property is liable to be taxed under one

provision of the statutes, it has been held to follow, as a legal conclusion, that the legislature could not have intended that the same property should be subject to another tax, though there may be general words in the law which would seem to imply that it may be taxed a second time. This is a sound and very just rule of construction, and it has been applied in many cases where, at first reading of the law, a double taxation might seem to have been intended."

Desty on Taxation, at page 199 (volume 1), says:

"It is neither the policy nor the justice of the law to tolerate double taxation; and laws imposing taxes should be so construed as to avoid double taxation, as it must meet the disfavor of both court and legislature. The same property shall not be subject to a double tax, payable by the same party, either directly or indirectly; and the legislature will not be held to have intended this result, though there may be general words in the law which seem to imply that property may be taxed a second time."

The language of § 84, *supra,* may seem to imply that merchants who have already been taxed in one county in the state, upon removal of a part of their stock temporarily to another county, may be again subject to a tax on that property for state and other purposes. But we think such was not the intention of the legislature, for certainly neither the express words of the statute nor necessary implication requires such construction. The clause in this section which reads as follows: "Every person, firm or corporation bringing into any county of this state goods or merchandise after the 1st day of March shall be deemed subject to the provisions of this section,"—refers to persons, firms, or corporations without the state prior to March 1st, and who thereafter come into the state. If this clause had been inserted at the beginning of the section instead of at the end of it, no one could well understand

that any other persons than non-residents were intended to be included therein. The fact that the clause mentioned was placed at the end instead of the beginning of the section does not change the force or effect of it. So careful was the legislature to avoid double taxation of even this class of persons that it was provided that at the time of the next regular assessment a deduction should be made in a sum equal to that part of the entire assessment of the previous year as the number of days of the previous assessment year he was not in such county bears to the whole of such assessment year. So that the effect of this provision was that an itinerant merchant coming within the state from without would be required to pay taxes only for the actual time he was within the state, provided he should remain after the 1st of March succeeding. The act, by § 7, *supra,* is very particular to provide against double assessment of the owners of personal property; both those who are residents and those who move into the state from another state, and refers to persons who are or intend to become permanent residents. The policy of the law seems to be to avoid double taxation of both residents and non-residents. We are of the opinion that § 84 refers only to merchants who are non-residents temporarily doing business in the state, while merchants permanently residing within the state fall within the provisions of § 7, *supra,* and, when property is removed from one county to another between March 1st and July 1st, are to be assessed in the county in which they are first called upon by the assessor. If their business should be carried on in two or more counties, the property should be assessed in each county where it is located on the 1st day of March in each year. Whatcom county was therefore not authorized to collect the tax.

It is also contended by appellants that the county of Whatcom, under § 84, *supra,* was entitled to collect the amount of the tax as a license for the privilege of doing business within that county. We shall not discuss the power of the state in this respect, because from what we· have already said it is apparent that the legislature by this act did not intend this section for such purpose.

The judgment of the court will therefore be affirmed.

REAVIS, C. J., and ANDERS, FULLERTON, DUNBAR and WHITE, JJ., concur.

HADLEY, J., not sitting.